**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| E.L.F. COSMETICS, INC.,<br><br>　　　Plaintiff,<br><br>v.<br><br>The UNITED STATES OF AMERICA; the EXECUTIVE OFFICE OF THE PRESIDENT; UNITED STATES CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of United States Customs and Border Protection; the OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE; JAMIESON GREER, in his official capacity as United States Trade Representative; the UNITED STATES INTERNATIONAL TRADE COMMISSION,<br><br>　　　Defendants. | Court No. 26-00049<br><br>Judge __ |

**MOTION OF PROPOSED INTERVENORS VIVICA COX AND QWANTARIA RUSSELL, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, TO INTERVENE UNDER USCIT RULE 24**

Proposed Intervenors Vivica Cox and Qwantaria Russell ("Proposed Intervenors"), individually and on behalf of a putative class of consumers who purchased e.l.f. Cosmetics, Inc. ("e.l.f.") products at inflated prices reflecting tariffs imposed under the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C § 1701 *et seq.*, respectfully move this Court for leave to intervene in this action pursuant to USCIT Rule 24(b)(1)(B) and 28 U.S.C. § 2631(j)(1).

In support of this Motion, Proposed Intervenors state as follows:

1.      As one of his first acts upon returning to office, President Trump invoked authority under IEEPA to impose tariffs on a wide range of products and number of importers.

2.      e.l.f. is a company that sells beauty and cosmetics products.  e.l.f. sources approximately 75% of its products from China, making it an importer with significant exposure to IEEPA tariffs.

3.      Shortly after President Trump announced the imposition of tariffs under IEEPA, e.l.f. publicly and explicitly indicated that it would pass IEEPA tariff costs through to consumers in the form of higher retail prices.  On May 23, 2025, e.l.f. announced via Instagram that its prices would increase by $1 per product effective August 1, 2025, stating: "Not gonna lie, inflation and tariffs are hitting us hard."

4.      On August 7, 2025, e.l.f.'s CEO, Tarang Amin, confirmed on CNBC that the company had raised prices to combat the costs of the IEEPA tariffs.  At that point, the company's net income had declined 30% from the prior year as tariffs weighed on its business.

5.       To the extent e.l.f. passed tariff costs to consumers, e.l.f did not bear the full economic burden of IEEPA tariffs—its customers did.

6.      e.l.f. was not unique among importers in passing the costs of the President's tariffs onto its customers.  Contrary to the President's rhetoric on tariffs, neither foreign firms nor foreign governments were responsible for the economic impacts of the President's policies.  In the first year of their imposition, 94% of the cost of the President's tariffs were born by American firms and consumers.[1]

---

[1] https://libertystreeteconomics.newyorkfed.org/2026/02/who-is-paying-for-the-2025-u-s-tariffs/#:~:text=Mary%20Amiti%2C%20Chris%20Flanagan%2C%20Sebastian,on%20U.S.%20firms%20and%20consumers.

7. While importers bore the initial weight of these tariffs, that changed as the President's tariff policy calcified over the course of 2025. Importers initially took on an estimated 64% of the costs of tariffs; by October 2025 importers had passed on more than half of these costs to consumers.[2]

8. Proposed Intervenors are consumers who purchased e.l.f. products during the period in which IEEPA tariffs were in effect and after e.l.f. imposed price increases in response to tariffs imposed pursuant to IEEPA.

9. Vivica Cox is a resident of Southaven, Mississippi. Ms. Cox purchased e.l.f.'s "Power Grip Primer" in November 2025.

10. Qwantaria Russell is a resident of Houston, Texas. Ms. Russell purchased an "e.l.f. Cream Glide Lip Liner" in shade Dark Cocoa, the "e.l.f. Dual Pencil Sharpener," and the "e.l.f. Flawless Face 6 Piece Brush Collection" in October 2025.

11. e.l.f. commenced this action (the "Action") on January 5, 2026, seeking, *inter alia*, a declaration that the IEEPA tariffs are unlawful as applied to its entries, an injunction preventing the imposition of further IEEPA tariffs on its entries, and an order requiring the full refund of all IEEPA tariffs e.l.f. has paid to the United States, with interest. *e.l.f. Cosmetics, Inc. v. United States et al.*, Court No. 1:26-cv-00049, ECF No. 2 (Ct. Int'l Trade Jan. 5, 2026).

12. On January 7, 2026 this Court stayed this Action (as it stayed the vast majority of suits brought by importers challenging IEEPA tariff-duties) pursuant to Administrative Order 25-02, pending the Supreme Court's determination of the legality of the President's tariffs.

13. On February 20, 2026, the United States Supreme Court ruled that the President exceeded his statutory authority under IEEPA in imposing those tariffs.

---

[2] https://www.cfr.org/articles/who-pays-trumps-tariffs#vvjwd.

14.    On March 4, 2026, Judge Eaton issued a universal order in *Atmus Filtration, Inc. v. United States*, Court No. 26-01259 (Ct. Int'l Trade Mar. 4, 2026).  That order (the "Initial Atmus Order") directed Customs and Border Protection ("CBP") to liquidate all unliquidated IEEPA entries without regard to IEEPA duties and to reliquidate all liquidated entries for which liquidation is not final.  The Initial Atmus Order was later amended to, in pertinent part, (i) suspend CBP's obligation for immediate compliance with the order and (ii) expand its scope to all previously liquidated final duties collected pursuant to IEEPA tariffs.  *Atmus Filtration, Inc.*, Court No. 26-01259, ECF No. 49 & ECF No. 50.

15.    e.l.f. initially sought, and now continues to seek, a full refund from the United States on tariffs that, in substantial part, were explicitly economically borne by its customers through higher retail prices.  If e.l.f. recovers the full amount of tariffs paid without accounting for the portion it already recouped from consumers through higher prices, e.l.f. will receive a windfall at the expense of the putative class.

16.    Proposed Intervenors seek to intervene for two purposes:

    a.    To request that this Court, in fashioning equitable relief, condition or structure any refund order to account for the portion of IEEPA tariff costs that e.l.f. passed through to consumers; and

    b.    To assert a complaint in intervention against e.l.f. for unjust enrichment and for declaratory relief, seeking a declaration that e.l.f. holds any refund proceeds attributable to tariff costs passed through to consumers in constructive trust for the benefit of the putative class.

17.    e.l.f., like a number of importers currently pursuing actions in this Court, brought this Action pursuant to 28 U.S.C. § 1581, 28 U.S.C. § 1585, and various other statutes authorizing

the Court to fashion appropriate relief.  *e.l.f. Cosmetics, Inc.*, Court No. 1:26-cv-00049, ECF No. 2.  Mandatory intervention for consumers, like Proposed Intervenors, is not available.  *See* USCIT R. 24(a) (limiting bases for mandatory intervention).

18.    Permissive intervention is appropriate under USCIT Rule 24(b)(1)(B).  Proposed Intervenors' claims share common questions of law and fact with the main action, including the amount of duties paid by e.l.f. pursuant to IEEPA tariffs, the unlawfulness of those tariffs, and the appropriate scope and distribution of any refund.

19.    Intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.  This Action has been stayed pending disposition of the appeal in *Learning Resources, Inc. v. Trump*.  Indeed, no action has been taken at all with respect to e.l.f.'s filing.

20.    While intervention will not prejudice the current parties to this Action, the need for intervention is urgent.  Judge Eaton has already directed CBP to liquidate and reliquidate all IEEPA entries without regard to IEEPA duties.  These orders apply universally to all unliquidated IEEPA entries. Judge Eaton has further expanded the scope of that order to include even liquidated and final duties.  e.l.f.'s refund is therefore imminent.  Once e.l.f. receives and commingles the refund proceeds with its general corporate funds, the putative class's ability to trace and recover its equitable share will be severely impaired.  Intervention now—before the refund is disbursed—is essential to preserve the class's rights.

21.    A Memorandum of Law in support of this Motion, a draft Order granting Proposed Intervenor's Motion, and Proposed Intervenors' Complaint in Intervention, are filed concurrently herewith.

**WHEREFORE**, Proposed Intervenors respectfully request that this Court grant leave to intervene in this action, accept the Complaint in Intervention for filing, and grant such other and further relief as the Court deems just and proper.

Date: April 17, 2026

/ s / *Colin Gillespie*
Colin Gillespie
Adam Farra*
Times Wang*
Charee Woodard*
FARRA & WANG PLLC
1300 I Street N.W., Suite 400E
Washington, D.C. 20005
cgillespie@farrawang.com
afarra@farrawang.com
twang@farrawang.com
cwoodard@farrawang.com
(202) 505-5990
(202) 505-5990
(202) 505-6227
(202) 505-6007

*Attorneys for Intervenors*
*Pro Hac Vice Forthcoming*