**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE RICHARD K. EATON, SENIOR JUDGE

| | | |
|---|---|---|
| E.L.F. COSMETICS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Court No. 26-00049 |
| UNITED STATES, *et al.*, | ) | |
| Defendants. | ) | |

**DEFENDANT'S OPPOSITON TO MOTION TO INTERVENE**

Pursuant to Rules 7 and 24 of the Rules of this Court and this Court's October 5, 2026, order, defendants, the United States and agencies, respectfully oppose the motion to intervene filed by Vivica Cox and Qwantaria Russell. The proposed intervenors cannot satisfy the requirements for permissive intervention because they will not be adversely affected or aggrieved by the Court's decision in this case. To the extent proposed intervenors want this Court to direct the Government to issue a refund to them instead of to the importer plaintiffs already in the case, the Court lacks jurisdiction.

**BACKGROUND**

Plaintiff e.l.f. Cosmetics, Inc., an alleged importer, filed suit in January 2026, alleging entitlement to refunds of International Emergency Economic Protection Act (IEEPA) tariffs. ECF 2. Pursuant to the Court's order, U.S. Customs and Border Protection made available to plaintiff a system to claim refunds for unliquidated and recently liquidated entries. ECF 15. On July 21, 2026, the Court ordered CBP to do the same for finally liquidated entries. *Id.* CBP expects that importers will be able to file claims for finally liquidated entries starting on October

6, 2026. Lord Decl. ¶ 8, *Freestyle World, Inc. v. United States*, Court Int'l Trade No. 26-01088 (ECF No. 50).

In April 2026, proposed intervenors filed a motion to intervene on their own behalf and of all others similarly situated, and they attached a complaint seeking a declaratory judgment, restitution, and other forms of relief. They allege that they purchased products imported by e.l.f. and that e.l.f. passed a portion of its tariff costs onto them. They ask the Court to "condition or structure any refund order to account for the portion of IEEPA tariff costs that e.l.f. passed through to consumers." ECF 8 at 16.a. They also "assert a complaint in intervention against e.l.f. for unjust enrichment and for declaratory relief, seeking a declaration that e.l.f. holds any refund proceeds attributable to tariff costs passed through to consumers in constructive trust" for the benefit of the proposed intervenors and their putative class. *Id.* at 16.b.

Proposed intervenors allege that the Court has jurisdiction over their "consumer pass-through" claim under 28 U.S.C. § 1583, and that the Court can award them relief through its general equitable powers. ECF 8-1 at 6-7. They further allege that they satisfy the requirements for permissive intervention because they will be adversely aggrieved or affected by the Court's decision.

**ARGUMENT**

1. The Court lacks jurisdiction over proposed intervenors' request. Proposed intervenors allege jurisdiction under 28 U.S.C. § 1583, which gives the Court "*exclusive* jurisdiction" over any "counterclaim, cross-claim, or third party action of any party," if the claim or action "involves the same merchandise" that is the subject of the suit. 28 U.S.C. § 1583 (emphasis added). They argue that, taken together with the Court's power to enter a money

judgment against the United States in any "third party action" under section 1583, the Court can award money to consumers such as proposed intervenors.

But proposed intervenors cannot bring a third-party action. Third-party practice is governed by Rule 14 of the Rules of this Court, and most commonly addresses when a third-party defendant can be brought into a case. That is, a defendant may try to bring in a third party who may be liable to it for any part of the claim. *See Int'l Fidelity Ins. Co. v. Sweet Little Mexico Corp*., 665 F.3d 671, 675 (5th Cir. 2011) ("commonly understood meaning of a third-party action is that it is one brought by a defendant against a third-party."); *United States v. Spanish Foods, Inc*., 30 F. Supp. 2d 571, 572 (Ct. Int'l Trade 1998) (taking jurisdiction over a third-party claim brought by defendant). Rule 14 allows a *plaintiff* to bring in a third party "if the rule would allow a defendant to do so." USCIT Rule 14(b). Of course, neither plaintiff nor defendant wishes to introduce a third party, so there can be no "third party" action providing jurisdiction to the Court.

Even putting this aside, the exclusive nature of this Court's jurisdiction precludes a claim that could ordinarily be brought by consumers against importers in district courts. After the decision in *Learning Resources, Inv. v. Trump*, 607 U.S. 229 (2026), several putative consumer class actions have been filed in Federal district courts against importers of record such as FedEx and UPS seeking recovery of tariff surcharges paid to these large importers of record. These include: *In re FedEx Tariff Litigation*, No. 2:26-cv-02181 (W.D. Tenn. June 1, 2026); *Ward v. EssilorLuxottica S.A.*, No. 1:26-cv-01133 (E.D.N.Y. Feb. 26, 2026); and *Anastopoulo v. United Parcel Serv. Inc.*, No. 1:26-cv-01005 (N.D. Ga. Feb. 20, 2026).

Section 1583 gives this Court "exclusive" jurisdiction over a third-party action. Under their theory, if proposed intervenors could join this case, it would mean no other court could

adjudicate their claim against e.l.f. This, notwithstanding the fact that dozens of other plaintiffs in district courts across the country have brought claims against importers alleging entitlement to some or all importers' IEEPA refunds. It cannot be that consumers can choose which court to bring this type of action—it is completely antithetical to the nature of this Court, which possesses exclusive jurisdiction over tariff matters. 28 U.S.C. § 1581(i).

And finally, even if the Court understands proposed intervenors' claim to be against defendants and not against plaintiff, proposed intervenors would lack standing. *See Town of Chester v. Laroe Estates, Inc*., 581 U.S. 433, 439-40 (2017) (an intervenor as of right must have standing under Rule 24 when asking for relief beyond what plaintiff seeks). Any decisions to pass through tariff charges from an importer of record to another party were decisions of that importer of record, not the government. It is a "bedrock principle that a federal court cannot redress injury that results from the independent action of some third party not before the court." *Murthy v. Missouri*, 603 U.S. 43, 57 (2024) (internal quotation marks and citation omitted). FedEx, UPS, and thousands of other importers of record are actively pursuing their own IEEPA tariff refunds through litigation and administrative processes at CBP. These are the parties with a "concrete, particularized, and actual or imminent[,] fairly traceable" injury *to the Government's action* of requiring importers of record to pay IEEPA tariffs. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal quotation marks omitted). Proposed intervenors, however, do not identify what Government action required any importer of record to demand any payment from consumers, nor could they. Therefore, proposed intervenors cannot show that the Government is responsible for an injury resulting from the independent action of importers of record. *See Murthy*, 603 U.S. at 57; *see also FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367, 383 (2024) ("The causation requirement also rules out attenuated links—that is, where

the government action is so far removed from its distant (even if predictable) ripple effects that the plaintiffs cannot establish Article III standing.").

2. Proposed intervenors cannot meet the standard for intervention in any event. Intervention in this Court is governed by 28 U.S.C. § 2631 and the Court's Rule 24. Section 2631(j)(1) allows "any person who would be adversely affected or aggrieved" by the Court's decision, to intervene by leave of Court. The Court, in turn, "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." 28 U.S.C. § 2631 (j)(2). USCIT Rule 24(b), Permissive Intervention, allows the Court to "permit anyone to intervene who (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."

Proposed intervenors satisfy none of these statutory or rule requirements. *First*, they allege they have a claim that shares a common question of fact or law with the main action. They do not. Plaintiff's claim is against the United States (a prerequisite for this Court's jurisdiction under 28 U.S.C. § 1581(i)), for the tariffs that plaintiff paid. Proposed intervenor's claim is against plaintiff for some or all of the refund monies plaintiff has or will receive. Putting aside that this Court has no jurisdiction to adjudicate claims in equity between private parties, the two sets of claims have no overlap.

*Second*, they will not be adversely affected or aggrieved by the Court's decision, namely because the Court's decision, which has already been made, is not adverse and, in any event, the injury alleged could never constitute aggrievement. *See Seneca Foods Corp. v. United States*, 607 F. Supp. 3d 1295, 1301 (Ct. Int'l Trade 2022) (potential competitive injury "too diffuse" to constitute aggrievement). The Court has already given complete relief to plaintiff, ordering CBP to liquidate or reliquidate any IEEPA entries without IEEPA tariffs. Once plaintiff has been

refunded all of its IEEPA tariffs, proposed intervenors will be able to make any equitable claims it may have against plaintiff, *in the proper court*. In other words, the Court's order only benefits proposed intervenors because it allows them to proceed with their claim against e.l.f. for part of e.l.f.'s refund.

And *third*, intervention will significantly delay the adjudication of plaintiff's rights. We largely defer to plaintiff on this question, but note that CBP has constructed a tariff refund procedure with remarkable speed and accuracy. Over $122 billion has already been refunded to importers. Lord Decl. ¶5, *Freestyle World, Inc. v. United States*, Court Int'l Trade No. 26-01088 (ECF No. 50). Most of the remaining refunds will soon be refunded through the third phase of CBP's efforts. *Id*. at ¶8. To delay that progress to adjudicate claims over which the Court lacks jurisdiction would obviously delay the adjudication of plaintiff's rights under 28 U.S.C. § 2631(j)(2).

For these reasons, we respectfully request that the Court deny the motion to intervene.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Claudia Burke
CLAUDIA BURKE.
Deputy Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office
Department of Justice, Civil Division
Commercial Litigation Branch

26 Federal Plaza, Suite 346
New York, New York 10278

October 5, 2026

*Attorneys for Defendant*